# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv369

| | |
|---|---|
| **BILLIE JEAN POWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| **CAROLYN W. COLVIN,** ) | **RECOMMENDATION** |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and **AFFIRM** the Commissioner's decision.

   I.   **Procedural History**

Plaintiff filed an application for disability benefits on January 26, 2006. (Transcript of Administrative Record ("T.") 135-136.) Plaintiff alleged an onset date of September 1, 1995. (T. 187.) The Social Security Administration denied

Plaintiff's claim. (T. 135.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 136.) Plaintiff then amended her alleged onset date to December 1, 2002. (T. 30.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 69-93.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 137-160.) Plaintiff appealed the decision to the Appeals Council. After a review, the Appeals Council remanded the case. (T. 161-64.)

On January 4, 2011, another ALJ held a second hearing. (T. 94-134.) At the hearing, Plaintiff amended her alleged onset date to April 1, 2005. (T. 97.) After the completion of the hearing, the ALJ issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 30-62.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.    Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270

F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his March 11, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 62.) The ALJ made the following specific findings:

(1) The claimant's date first insured is October 1, 1998. She last met the insured status requirements of the Social Security Act on December 31, 2005.

(2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 1, 2005 through her date last insured of December 31, 2005 (20 CFR 404.1571 *et seq.*).

(3) Through the date last insured, the claimant had the following combination of medically determinable severe impairments: morbid obesity, gastroesophageal reflux disorder (GERD), fibromyalgia, obstructive sleep apnea, an adjustment disorder, a panic disorder, and a pain disorder (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform a wide range of medium work as defined in 20 CFR 404.1567(c).

(6) Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on June 26, 1953 and was 51 years old, which is defined as an individual closely approaching advanced age, on her amended alleged onset date, April 1, 2005. (20 CFR 404.1563).

(8) The claimant has a high school equivalency (GED) education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the nation economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant was not under a disability, as defined in the Social Security Act, at any time from April 1, 2005, the alleged onset date, through December 31, 2005, the date last insured (20 CFR 404.1520(g)).

(T. 30-62.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. Counsel Failed to Comply with the Prior Orders of this Court

Plaintiff contends that the ALJ erred in his treatment of the opinion of Dr. Buehler. In addition, Plaintiff contends that the ALJ failed to properly account for her obesity. In support of his argument, Plaintiff offers a summary of some of the opinions in the record, including that of Dr. Buehler. (Pl.'s Mem. Arg. at pp. 9-14.) After summarizing the testimony, Plaintiff offers the following as the full extent of her legal analysis:

> We respectfully suggest that ALJ Wilson's unwillingness to accept the clinical opinions of the primary treating physician, corroborated by the Consultative examinations arranged for by DDS constitute reversible error on his part. In this regard, we respectfully point the Court to the provisions of 20 C.F.R. §404.1527(d), which describes the weight to be given to opinions of evaluating clinicians, as well as the 4th Circuit case of *Thomas v. Commissioner*, 24 Fed. Appx. 158 (4th Cir. 2001) a copy of which is attached to this Memorandum marked Attachment 1. See also *Money v. Astrue*, 2011 U.S. Dist.

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

> LEXIS 96286 (U.S.D.C., M.D.N.C., 2011), a copy of which is attached to this Memorandum, marked Attachment 2.
>
> Further, we respectfully suggest that ALJ Wilson did not correctly evaluate the effect of the Plaintiff's morbid obesity, as required by Social Security Ruling 00-3p. That Ruling recognizes that obesity can cause limitations of function and that the "combined effects of obesity with other impairments may be greater than might be expected without obesity." That clearly is the case of the effect of obesity on this Plaintiff, as is well established both by the affidavits of family members in the record and the testimony at both hearings, contradicted in the record.

(Pl.'s Mem. Arg. at p. 14-15.) Plaintiff, however, fails to offer any legal analysis explaining how the cited authority supports her position, fails to articulate how the evidence in the record supports the opinion of Dr. Buehler, fails to address the specific reasons provided by the ALJ for rejecting the opinion of Dr. Buehler, and does not develop any legal argument supporting her contention that the ALJ erred in assessing her obesity.

Moreover, neither of the cases cited by Plaintiff have any legal bearing on the issue raised by Plaintiff. In <u>Thomas v. Comm'r Soc. Sec.</u>, 24 Fed. App'x 158 (4th Cir. 2001), the Fourth Circuit reversed and remanded a case because the Court could not determine from the record whether the Appeals Council recognized that the additional medical opinion submitted to it was the opinion of claimant's

treating physician and, thus, entitled to the treating physician rule.[2]  Similarly, Money v. Astrue, No. 1:08-cv-895, 2011 WL 3841972 (M.D.N.C. Aug. 26, 2011), addressed whether remand was required in order for the ALJ to consider new evidence that was submitted to the Appeals Council.  In addition, the Court in Money found that the ALJ failed to adequately explain the combined effects of the claimant's impairments.  2011 WL 3841972 at *7-9.  Finally, SSR 00-3p was superseded on September 12, 2002, by SSR 02-1p.  See SSR 02-1p, 2002 WL 34686281; see also Tilghman v. Astrue, Civil No. SAG-09-2717, 2012 WL 6681925, n.3 (D. Md. Dec. 21, 2012).

As the Court previously warned counsel for Plaintiff:

The Court notes that counsel for Plaintiff has several social security appeals pending before the Court.  In many of these cases, counsel has filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ.  The Court warns counsel that going forward, the Court will strike any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors.  In addition, each alleged error must contain legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred.

Finally, it appears to the Court that the same individual is drafting the legal briefs for counsel in this case and in the cases where attorney Lamar Gudger is the attorney of record for the plaintiff.  The Court has repeatedly warned Mr. Gudger about his pleadings in social

---

[2] The Court notes that the individual drafting the briefs for counsel of record in this case and for Lamar Gudger routinely includes a citation to Thomas, despite the fact that it is not pertinent to the issues raised.  See e.g. Hardy v. Astrue, Civil No. 1:11cv299, 2013 WL 566020, at *4 n.2 (W.D.N.C. Feb. 13, 2013) (Reidinger, J.).

> security cases and has even struck a number of his pleadings from the record. In fact, the Court recently sanctioned him for his failure to comply with Court Orders regarding the filing of appropriate briefs. Counsel in this case is advised that he will suffer the same fate going forward if he continues to submit briefs with little to no legal authority or legal analysis. This Court will not tolerate the continued disruption to the Court's docket that is caused by these frivolous filings. If these attorneys are not going to take their role as legal advocates for their clients seriously, then they should not practice in this Court.

Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054, at *3 n.2 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.). This warning, however, has had little impact on the conduct of counsel. As the Court recently pointed out in Chandler v. Astrue, No. 1:11cv229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.), counsel has continued to file briefs containing legal arguments that are not supported by legal authority and lack any legal analysis:

> Despite this clear warning to counsel, counsel failed to correct the deficiencies in his pleadings in this case or request leave to do so. Counsel has continued to waste the judicial resources of this Court with frivolous filings unsupported by any legal citations and lacking any actual legal analysis. Accordingly, the Court has disregarded all but one of Plaintiff's alleged errors.

In fact, counsel offered virtually the identical "legal argument" in the recent case of Stines v. Colvin, No. 1:12cv121, slip op. at 5-6 (W.D.N.C. Jul. 25, 2013) (Howell, Mag. J.). Plaintiff cited the exact same two cases and made nearly the identical argument. Id. In Stines, the Court disregarded Plaintiff's legal argument and directed counsel to show cause why the Court should not sanction counsel

pursuant to the Court's inherent authority and Rule 11. The Court has also stricken several briefs and disregarded numerous arguments contained in the briefs filed by attorneys Clontz and Gudger for their continued failure to comply with the Orders of this Court. See e.g. Adams v. Astrue, No. 1:11cv336, 2013 WL 609859 (W.D.N.C. Jan. 28, 2013) (Howell, Mag. J); Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Candler, 2012 WL 5336216. As the Court has previously stated, these filings disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court. Accordingly, the Court disregards Plaintiff's legal argument as counsel failed to comply with the Court's prior Orders, failed to provide the Court with citations to relevant legal authority, and failed to offer any legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred. See Pascoe, 2012 WL 3528054, at *3 n.2. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 14] and **AFFIRM** the decision of the Commissioner.

In addition, the Court **DIRECTS** Counsel for Plaintiff to **SHOW CAUSE** in writing within seven (7) days of the entry of this Order as to why the Court should not sanction him pursuant to Rule 11 of the Federal Rules of Civil Procedure or the inherent power of this Court. It appears to the Court that counsel is flagrantly

disregarding the Court's prior Orders and is making a mockery of the federal court system. Such conduct will not be tolerated by this Court. The Court notes that it makes no difference if another individual is actually drafting the briefs in these cases, as it is counsel for Plaintiff, as the attorney signing the pleading, that is ultimately responsible for ensuring that the filings are not frivolous, comply with the Court's prior Orders, and otherwise rise to the level of professional conduct expected from members of the bar. See generally, Fed R. Civ. P. 11(b). Counsel shall also submit an affidavit to the Court setting forth: (1) whether he read the brief prior to its being filed; (2) whether he read the cases cited in the brief prior to the filing of the brief; (3) whether he reviewed the administrative record prior to the filing of the brief; (4) the amount of time, if any, he personally spent researching the law prior to filing the brief; and (5) who prepared the Memorandum of Argument [# 13 ] in this case. The failure to timely comply with this Order will result in the Court imposing monetary sanctions against counsel and may result in the Court recommending to the District Court that further sanctions be levied against counsel, including the possibility of the Court recommending that he not be allowed to practice further in Social Security cases in the Bryson City and Asheville Divisions of the United States District Court for the Western District of North Carolina.

## B. The ALJ did not Err in Weighing the Opinion of Dr. Buehler

Even assuming that the assignment of error raised by Plaintiff was properly before the Court, the Court would still recommend that the Court affirm the Commissioner's decision. In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The ALJ in this case specifically addressed the medical opinion of Dr. Buehler and determined that even though he was a treating physician, his opinion was entitled to no weight. (T. 59.) In fact, the ALJ addressed the opinion at length and thoroughly explained his rationale for rejecting the opinion of Dr. Buehler. As the ALJ explained, the opinion of Dr. Buehler was contradicted by his own progress notes. (T. 52, 59, 341-75.) The progress notes are devoid of any

indication that Plaintiff's physical impairments were as severe as Dr. Buehler indicated in his opinion. Moreover, the opinion of Dr. Buehler was inconsistent with the opinions of Dr. Whiskin, Dr. Slawek, and the State agency physicians. It is not the role of this Court to re-weigh this evidence or substitute the judgment of this Court for that of the ALJ. See Craig, 76 F.3d at 589. Here, the ALJ properly addressed the opinion of Dr. Buehler and the ALJ's decision to assign no weight to the opinion is supported by substantial evidence in the record.

### C. The ALJ Complied with the Requirements of SSR 02-1p

As a threshold matter, the ALJ found that Plaintiff's obesity was a severe impairment. (T. 33.) Consistent with SSR 02-1p, the ALJ also considered at length the impact of Plaintiff's obesity on her other impairments. (T. 48-52.) Finally, the ALJ considered Plaintiff's obesity in determining her RFC. (T. 52.) It is unclear from Plaintiff's undeveloped and cursory argument how she contends the ALJ erred in evaluation Plaintiff's obesity. From a review of the record, the Court finds that the ALJ complied with SSR 02-1p and did not err in evaluating Plaintiff's obesity. Remand is not required in this case.

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's

Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision. Consistent with this Order, the Court also **DIRECTS** counsel for Plaintiff to **SHOW CAUSE** in writing within seven (7) days of the entry of this Order why the Court should not sanction him pursuant to Rule 11 and/or the inherent power of this Court.

Signed: August 5, 2013

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).