# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv369

| | |
|---|---|
| **BILLIE JEAN POWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Previously, the Court entered a Memorandum and Recommendation recommending that the District Court grant the Motion for Summary Judgment filed by the Commissioner of Social Security ("Commissioner") and deny the Motion for Summary Judgment filed by Plaintiff. In addition, the Court directed counsel for Plaintiff to show cause in writing within seven (7) days of the entry of its Order why the Court should not sanction him pursuant to Rule 11 and/or the inherent power of this Court. Upon a review of the record in this case, the relevant legal authority, and counsel's response to the Court's show cause Order, the Court finds that the imposition of sanctions is warranted against counsel for Plaintiff.

## I. Background

On August 5, 2013, the Court entered its Memorandum and Recommendation recommending that the District Court deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. (Mem. & Recommendation, Aug. 5, 2013.) In its Memorandum and Recommendation, the Court explained at length how counsel for Plaintiff has repeatedly failed to comply with this Court's Orders in social security cases despite numerous warnings and admonishments. (Mem. & Recommendation, at 6-11.) Counsel has largely ignored these warnings and continued to file briefs containing legal arguments that are not supported by legal authority and lack any legal analysis. Accordingly, the Court directed counsel for Plaintiff:

> to **SHOW CAUSE** in writing within seven (7) days of the entry of this Order as to why the Court should not sanction him pursuant to Rule 11of the Federal Rules of Civil Procedure or the inherent power of this Court. The Court notes that it makes no difference if another individual is actually drafting the briefs in these cases, as it is counsel for Plaintiff, as the attorney signing the pleading, that is ultimately responsible for ensuring that the filings are not frivolous, comply with the Court's prior Orders, and otherwise rise to the level of professional conduct expected from members of the bar. See generally, Fed R. Civ. P. 11(b). Counsel shall also submit an affidavit to the Court setting forth: (1) whether he read the brief prior to its being filed; (2) whether he read the cases cited in the brief prior to the filing of the brief; (3) whether he reviewed the administrative record prior to the filing of the brief; (4) the amount of time, if any, he personally spent researching the law prior to filing the brief; and (5) who prepared the Memorandum of Argument [# 11] in this case. The

> failure to timely comply with this Order will result in the Court imposing monetary sanctions against counsel and may result in the Court recommending to the District Court that further sanctions be levied against counsel, including the possibility of the Court recommending that he not be allowed to practice further in Social Security cases in the Bryson City and Asheville Divisions of the United States District Court for the Western District of North Carolina.

(Mem. & Recommendation, at 10-11.)

In response to the Court's show cause order, counsel submitted a brief response and an affidavit. In his response, counsel states that he has "reached the conclusion that on the record presented to the Court in this case, the Plaintiff cannot prevail in this appeal." (Resp. to Show Cause Order, at 2, Aug. 14, 2013.) As a result, Counsel filed a Motion to Dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure. Counsel also submitted an affidavit in which he states that he spent approximately one hour researching the applicable law prior to filing his Motion for Summary Judgment. (Clontz Aff. ¶4, Aug. 14, 2013.) Counsel, however, acknowledges that the actual brief filed with the Court was prepared by his legal assistant. (Clontz Aff. ¶ 5.) Subsequently, the District Court accepted the Court's Memorandum and Recommendation, denied as moot Plaintiff's Motion to Dismiss, and reserved the issue of whether the imposition of sanctions is warranted in this case to this Court. (Order, Aug. 16, 2013.)

## II. Analysis

It is well settled that a district court has the inherent power to sanction conduct that constitutes an abuse of the judicial process. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 542 (4th Cir. 2002); Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001); United States v. Shaffer Equip. Co., 11 F.3d 450, 461-62 (4th Cir. 1993). "The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." Silvestri, 271 F.3d at 590.

In contrast to the inherent power of the courts to sanction conduct, Rule 11of the Federal Rules of Civil Procedure provides a statutory basis for the imposition of sanctions against attorneys. Fed. R. Civ. P. 11. "The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." Moody v. The Arc of Howard Cnty., Inc., 474 F. App'x 947, 950 (4th Cir. 2012) (unpublished). "From both the plain language of the rule itself and the notes of the Advisory Committee, it is clear that the rule imposes upon an attorney a duty to conduct a pre-filing examination of both the facts and the law before instigating legal process." Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987). And the individual attorney signing the pleading is subject Rule 11, irrespective of who drafted the pleading. Fed. R. Civ. P. 11(a);

see also Kunstler v. Britt, 914 F.2d 505, 514 (4th Cir. 1990). Moreover, a violation of Rule 11 is not limited to intentional conduct. Cabell, 810 F.2d at 466.

After providing the attorney with an opportunity to show cause why sanctions should not be imposed, the Court may impose monetary or other sanctions on an attorney if the Court finds the conduct of the attorney violated Rule 11(b). Fed. R. Civ. P. 11. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The Court finds that the imposition of sanctions pursuant to Rule 11 and the inherent power of this Court is warranted in this case. Counsel's repeated failure to comply with this Court's Orders is well documented. The Court has warned counsel countless times regarding the frivolous nature of his pleadings in Social Security cases, yet counsel continues to file motions that are unsupported by legal authority and lack any coherent legal analysis. In addition, the Court's prior efforts to alleviate this conduct – including striking briefs, warning counsel of the deficiencies of his pleadings, and even disregarding legal arguments - have had no impact on counsel. The fact that Plaintiff's counsel is not the individual drafting the motions is of no concern because, as the attorney signing the pleadings, it is counsel's responsibility to ensure that any pleadings filed in these cases comply

with Rule 11 and the Court's prior Orders.  See Fed. R. Civ. P. 11.

In fact, counsel does not contend that the pleadings are not frivolous.  Instead, counsel acknowledges that he cannot prevail on the record before the Court and sought to voluntarily dismiss this case.  The harm, however, is already done.  Both this Court and the Government have already spent significant resources addressing counsel's frivolous filings.  As the Court has previously stated, these filings by counsel "disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court."  (Mem. & Recommendation, at 8.)

Upon consideration of the record in this case, and for the reasons stated in the Court's prior Orders, the Court **SANCTIONS** counsel for Plaintiff in the amount of $500.00.  The Court finds that $500.00 is a reasonable and appropriate sanction that will deter the continued failure of counsel to comply with the Court's Orders.  Counsel shall have ten (10) days from the entry of this Order to pay this sanction into the registry of the Court.

### III. Conclusion

The Court **SANCTIONS** counsel for Plaintiff in the amount of $500.00.  Counsel shall have ten (10) days from the entry of this Order to pay this sanction into the registry of the Court.

Signed: October 1, 2013

Dennis L. Howell
United States Magistrate Judge